United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

             Hon. Linda V. Parker

v.

             Case No. 21-20131

John Christopher Colletti,

   Defendant.

             /

# Plea Agreement

The United States of America and the defendant, John Christopher Colletti, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Counts of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Counts 1 and 2 of the Information. Count 1 charges the defendant with Wire Fraud under 18 U.S.C. § 1343. Count 2 charges the defendant with Aggravated Identity Theft under 18 U.S.C. § 1028A.

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
|---|---|---|
| | Fine: | $250,000; or twice the loss |
| | Term of supervised release: | 3 years |
| Count 2 | Term of imprisonment: | 2 years |
| | Fine: | $250,000; or twice the loss |
| | Term of supervised release: | 1 year |

The defendant understands that Count 2 requires a mandatory minimum sentence of 24 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

The defendant further understands that his sentence of imprisonment on Count 2 *must* run consecutively to his sentence of imprisonment on any other count of conviction.

**3. Elements of Counts of Conviction**

The elements of Count 1, wire fraud, are:

1. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;
2. The defendant acted with the intent to defraud; and
3. That in advancing, furthering, or carrying out the scheme, defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The elements of Count 2, aggravated identity theft, are:
1. The defendant knowingly used a means of identification of another person without lawful authority;
2. The defendant knew the means of identification belonged to another person; and
3. The use of the means of identification occurred during and in relation to a felony set forth in 18 U.S.C. § 1028A(c), to wit Wire Fraud in violation of 18 U.S.C. § 1343.

**4.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

**A.    Count One – Wire Fraud**

Beginning in or around April 26, 2019, and continuing through March 12, 2020, in the Eastern District of Michigan, Southern Division, and elsewhere, the Defendant, John Christopher Colletti, with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations. The purpose of the scheme and artifice to defraud was for Defendant to obtain money from the accounts of Global Payments Gaming Services Inc. (GPGS)'s VIP Preferred Program patrons.

In executing this scheme, Colletti caused the transmission of writings, signals, and sounds by means of wire communication in interstate commerce. Specifically, on a variety of dates—to include May 23, 2019—Colletti unlawfully accessed accounts in the names of ten or more individual victims using GPGS's kiosks located within various

casino properties. Upon gaining access to these accounts, Colletti initiated numerous transactions, withdrawing thousands of dollars from these accounts and thereby causing the interstate communication of information, via wire, between the kiosks in Michigan and GPGS's servers in other states. Colletti made these withdrawals with both the intent to defraud and knowledge of the fact that he was not entitled to the money in the victims' accounts. Further, in making these withdrawals, Colletti attempted to disguise himself by wearing one or more full prosthetic facemasks.

### B. Count Two – Aggravated Identity Theft

On or about May 23, 2019, in the Eastern District of Michigan, Southern Division, the defendant, John Christopher Colletti, did knowingly possess, use, and transfer, without lawful authority, a means of identification of another person during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit Wire Fraud, in violation of 18 U.S.C. § 1343, knowing the means of identification belonged to another actual person.

Specifically, as part of the Wire Fraud scheme set forth in Count One, Defendant John Christopher Colletti, using a Global Payment

Gaming System's kiosk within the MGM Grand Casino in Detroit, used the name, driver's license number, and the last four digits of the Social Security Number assigned to a known individual, A.O., in order to access one or more account(s) in that individual's name. Upon gaining access to the victim's account(s) on this date, Colletti withdrew a total of approximately $30,000, spaced across numerous transactions, all completed within the span of roughly thirty minutes.

This victim-identity was one of approximately 300 identities for which Colletti had one or more pieces of personally identifiable information (PII) in his possession.

**5.    Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

  D. The right to an appointed attorney, if the defendant cannot afford to retain one;

  E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

  F. The right to confront and cross-examine adverse witnesses at trial;

  G. The right to testify or not to testify at trial, whichever the defendant chooses;

  H. If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

  I. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

  J. The right to compel the attendance of witnesses at trial.

**6.** **Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if his not a United States citizen, his convictions here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

**7. Defendant's Guideline Range**

    **A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    **B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline

calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- § 2B1.1(a)(1) – Base Offense Level: 7

- § 2B1.1(b)(1)(E) – Loss between $95,000 and $150,000 (Increase offense level by 8)

- § 2B1.1(b)(2) – Offense involved 10 or more victims (Increase offense level by 2)

- § 2B1.1(b)(10) – Offensive involved sophisticated means (Increase offense level by 2)

## D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

## E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in

what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 8. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. At this time, the parties agree that restitution is due to the following victims in the following amounts:

**Global Payment Systems:** $125,740

Further, if any individual victims were not indemnified by Global Payment Gaming Systems and thus have outstanding personal losses that are directly traceable to the wire fraud scheme described in Count One, Defendant agrees that restitution shall be due and owing to those individuals for the full amount of their loss(es).

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

### F. Forfeiture

The defendant agrees to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to his violation of 18 U.S.C. § 1343, as charged in Count 1 of

the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

In entering into this agreement with respect to forfeiture, the defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above referenced property as provided by Federal Rule of Criminal Procedure 32.2(b)(5).

The defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further agrees to hold the United States, its agents and employees, and any federal and local law enforcement agency involved with this matter harmless from any claims

whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the above referenced property.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment on Count 1 does not exceed **27 months**, the defendant also waives any right he may have to appeal his sentence on any grounds.

**10. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's convictions or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of

the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**12. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**13. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**14. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00PM on March 1, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

|   |   |
|---|---|
|   | Saima S. Mohsin<br>Acting United States Attorney |
| *[signature]*<br>John K. Neal<br>Chief, White Collar Crime Unit<br>Assistant United States Attorney | *[signature]*<br>Ryan A. Particka<br>Assistant United States Attorney |

Dated: February 19, 2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

|   |   |
|---|---|
| *Stacey M. Studnicki*<br>Stacey M. Studnicki<br>Attorney for Defendant | s/John Christopher Colletti (with consent)<br>John Christopher Colletti<br>Defendant |

Dated: April 1, 2021